UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO DEL RIO, AKA ROBERTO COVEDA, | CASE NO. CV 10-6890-PJW |
| Petitioner, | MEMORANDUM OPINION AND ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

I.

INTRODUCTION

Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that the state appellate court erred when it concluded that there was sufficient evidence to support his conviction for attempted burglary. For the following reasons, the Court finds that the appellate court did not err.

II.

STATEMENT OF FACTS

Petitioner was convicted of a series of burglaries and attempted burglaries in the South Pasadena area in January and February 2006. He challenges one of those convictions, a conviction for attempted burglary of an apartment where Lydia Mendoza and Phil Mosser lived.

According to Petitioner, the evidence was insufficient to sustain the conviction. The state appellate court ruled otherwise, finding that it was. It summarized the evidence against Petitioner as follows:

> On January 29, 2006, Ms. Alexander managed and lived in an apartment building on Orange Grove Avenue in South Pasadena. Ms. Alexander's apartment was next door to the apartment occupied by Ms. Mendoza and Mr. Mosser. Ms. Alexander's backyard abutted Ms. Mendoza's; the back doors of the two apartments were approximately six feet apart.
>
> At approximately 12:30 p.m. that afternoon, Ms. Alexander's doorbell rang. [Petitioner] was at the door. [Petitioner] told Ms. Alexander that he was looking for someone named Chris who lived in the building. Ms. Alexander told [Petitioner] that no one named Chris lived in the building. [Petitioner] left.
>
> A few minutes later, Ms. Alexander heard a noise from the back of her apartment. She went out her back door and saw [Petitioner] entering the apartment through her bedroom window. Ms. Alexander yelled and [Petitioner] fled. Ms. Alexander subsequently identified [Petitioner] from a photo lineup and in open court as the perpetrator.
>
> Also on January 29, 2006, Ms. Mendoza and Mr. Mosser left their apartment at approximately 8:30 a.m. The doors and windows were locked when they left, and the screen on their kitchen window was undamaged. They returned at approximately 7:30 p.m. The next morning, as Mr. Mosser was getting ready for work, he noticed that the screen on the kitchen window "had been bent, like someone tried to

get in...."  Someone also had moved a chair from the side of the building and placed it against the outside wall beneath the kitchen window.  Nothing was missing from Ms. Mendoza's apartment.

The prosecution introduced evidence that [Petitioner] perpetrated a total of six burglaries or attempted burglaries between January 23 and February 16, 2006.  With respect to four of these, [Petitioner] exhibited a similar pattern of first knocking on the door or ringing the doorbell, and then entering or attempting to enter the home through an unlocked door or window.  The prosecution also introduced evidence that stolen property and burglary tools were recovered from [Petitioner's] pickup truck, and that [Petitioner] had rented self-storage lockers that contained large amounts of stolen property and other incriminating items, such as equipment used to melt gold and a book on how to defeat alarm systems.

(Lodgment No. 5 at p. 2.)

### III.
### STANDARD OF REVIEW

The standard of review in this case is set forth in 28 U.S.C. § 2254:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

>      (1)  resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly established
> Federal law, as determined by the Supreme Court of the
> United States; or
>
>      (2)  resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable. *Premo v. Moore*, 131 S. Ct. 733, 743 (2011) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). To establish that the state court unreasonably applied federal law, a petitioner must show that the state court's application of Supreme Court precedent to the facts of his case was not only incorrect but objectively unreasonable. *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). Where no decision of the Supreme Court has squarely decided an issue, a state court's adjudication of that issue cannot result in a decision that is contrary to, or an unreasonable application of, Supreme Court precedent. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

Petitioner raised his insufficiency claim in his petition for review in the California Supreme Court, but that court did not explain its reasons for denying it. The appellate court, however, did. This Court presumes that the state supreme court rejected Petitioner's claim for the same reasons the state appellate court

4

1 did.  The Court, therefore, looks to the appellate court's
2 reasoning and will not disturb it unless it concludes that
3 "fairminded jurists" would all agree that the decision was wrong.
4 *Id*.

IV.

DISCUSSION

Petitioner claims that there was insufficient evidence to convict him of attempting to burglarize Mendoza's and Mosser's apartment and that, therefore, the state appellate court erred when it ruled that there was.  For the following reasons, the Court disagrees.

In order to prevail on an insufficiency claim, a petitioner must establish that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  The Court presumes, even if it does not appear in the record, that the jury resolved any conflicting inferences in favor of the prosecution.  *Wright v. West*, 505 U.S. 277, 296-97 (1992).  Further, the Court reviews insufficiency claims "with an additional layer of deference," granting relief only when the state court's judgment was contrary to or an unreasonable application of *Jackson*.  *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005).

Petitioner does not challenge the prosecution's claim that there was an attempted burglary of the Mendoza/Mosser apartment on January 29, 2006, as evidenced by the chair found under the window and the bent screen.  Rather, he argues that there was insufficient evidence to link him to the crime.  (Petition at 8-15; Traverse at 5-9.)  He recognizes that the circumstances

surrounding the attempted break-in at the Mendoza/Mosser apartment on the same day as he broke into neighbor Alexander's apartment are arguably suspicious, but contends that that is not enough to support the conviction. (Traverse at 8.) He points out that not a single witness testified that they saw him put the chair under the window or bend the screen. (Traverse at 8.)

As the California Court of Appeal pointed out, however, the inferences that could be drawn from the evidence that was admitted were enough to sustain the conviction:

> In this case, there was evidence that [Petitioner] committed at least four burglaries or attempted burglaries in a similar manner, first knocking on the door or ringing the doorbell and then entering the victim's home through an unlocked door or window. (See Evid. Code, § 1101, subd. (b) [other crimes to show identity].) There was also evidence that [Petitioner] committed a total of six burglaries or attempted burglaries within a four-week period between January 23 and February 16, 2006, including two crimes on January 29 and three crimes on February 16. A large amount of stolen property, burglary tools and other incriminating items (such as equipment used to melt gold and a manual on how to defeat alarm systems) were recovered from [Petitioner]'s pickup truck and storage lockers. From such evidence, a reasonable jury could infer that [Petitioner] was a burglar by vocation, and not merely an opportunistic thief.

Ms. Mendoza testified that she and Mr. Mosser were away from their apartment from 8:30 a.m. to 7:30 p.m. on January 29; that the screen on the kitchen window was undamaged when they left that morning; and that Mr. Mosser discovered the damage to the screen the next morning as he was getting ready for work. A reasonable jury could infer from this testimony that the damage to the screen occurred while the apartment was empty on January 29. Ms. Alexander testified that, on the afternoon of January 29, consistent with [Petitioner]'s method of operation, [Petitioner] rang her doorbell; a few minutes later, she confronted [Petitioner] as he climbed through a rear bedroom window of her apartment. The evidence thus placed [Petitioner] mere yards from Ms. Mendoza's kitchen window at a time when the damage to the window screen likely occurred. A reasonable jury also could infer that the attempt to gain entry to Ms. Mendoza's apartment by climbing through a window at the rear of the apartment was consistent with [Petitioner]'s established method of operation.

The prosecution thus submitted evidence that [Petitioner] was present at the scene at about the time the attempted burglary occurred; that [Petitioner], as a professional thief, had a motive to commit the burglary; that [Petitioner] had the opportunity to commit the burglary, due to the absence of Ms. Mendoza and Mr. Mosser from the apartment; and that the attempted burglary was effected in a manner similar to other

1           crimes committed by [Petitioner].  The evidence was
2           sufficient to permit a reasonable jury to conclude that
3           [Petitioner] was the burglar.  (See *People v. Prince,*
4           *supra*, 40 Cal.4th at pp. 1255-1256.)
5  (Lodgment No. 5 at pp. 9-10.)
6       The Court agrees with the appellate court that, though
7  largely circumstantial, there was sufficient evidence to sustain
8  the conviction because circumstantial evidence alone is enough.
9  *See Walters v. Maass*, 45 F.3d 1355, 1358 (9th Cir. 1995)
10 ("Circumstantial evidence and inferences drawn from it may be
11 sufficient to sustain a conviction.") (quoting *United States v.
12 Lewis*, 787 F.2d 1318, 1323 (9th Cir.), *amended on denial of reh'g*,
13 798 F.2d 1250 (9th Cir. 1986)); *see also United States v. Cordova
14 Barajas*, 360 F.3d 1037, 1041 (9th Cir. 2004) ("[C]ircumstantial
15 evidence alone can be sufficient to demonstrate a defendant's
16 guilt.").  Petitioner disagrees and seems to argue that it is
17 unfair that he be convicted of a crime where not a single
18 eyewitness tied him to it.  But there is no requirement under the
19 law or the Constitution that an eyewitness witness a crime and
20 testify to what he saw at trial.  As such, this argument is
21 rejected.
22      Finally, because Petitioner has not made a substantial
23 showing of the denial of a constitutional right, the Court will
24 not issue a certificate of appealability in this action.  *See* 28

1  U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*,
2  537 U.S. 322, 336 (2003).
3      It IS SO ORDERED.
4      DATED:   January 9, 2012.

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-State Habeas\DEL RIO, I 6890\memorandum opinion and order.wpd